UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Paul Chau,

Plaintiff,

-against-

Israel Discount Bank of New York,

Defendant.

1:24-cv-08533 (VSB) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Letter Motion by Defendant Israel Discount Bank of New York ("Defendant" or "IDBNY") to seal all or portions of certain exhibits filed in support of Defendant's motion for summary judgment. (Defs.' 6/15/26 Ltr. Mot., ECF No. 47.) For the reasons set forth below, Defendant's motion is GRANTED.

## LEGAL STANDARDS

There is a presumption of public access to anything that qualifies as a "judicial document," *i.e.*, a "filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). The Second Circuit has "expressly rejected the proposition that 'different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving [a] motion.'" *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 123). However, "the Court must assess whether there are countervailing factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *TileBar v. Glazzio Tiles*, 723 F.

Supp. 3d 164, 209 (E.D.N.Y. 2024) (internal quotation marks omitted). "The party seeking to maintain the seal carries the burden of demonstrating the need to seal." *Park Ave. Life Ins. Co. v. Allianz Life Ins. Co. of N. Am*., No. 19-CV-01089 (JMF), 2019 WL 4688705, at *2 (S.D.N.Y. Sept. 25, 2019) (citing *DiRussa v. Dean Witter Reynolds Inc*., 121 F.3d 818, 826 (2d Cir. 1997)).

"Although the protection of sensitive, confidential, or proprietary business information is a countervailing interest that can militate in favor of sealing, conclusory statements that documents contain confidential business information are insufficient to justify sealing." *Johnson as Tr. of Johnson Fam. Tr. v. Saba Cap. Mgmt., L.P.*, No. 22-CV-04915 (AT), 2022 WL 8024206, at *1 (S.D.N.Y. Oct. 14, 2022) (internal quotation marks and citations omitted). "Courts in the Second Circuit" will allow for sealing and redaction to "protect[ ] from disclosure proprietary, sensitive, and confidential business information," *Markowitz v. KBI Servs*., No. 21-MC-00397 (LGS), 2021 WL 4555833, at *2 (S.D.N.Y. Oct. 5, 2021) (collecting cases where sealing was appropriate because, among other reasons, "documents contained company's proprietary marketing strategies, product development, costs and budgeting information" (citation omitted)), but the party seeking sealing must show why the information in question should be protected from disclosure. *See Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc*., No. 15-CV-00211 (LGS), 2025 WL 444873, at *2 (S.D.N.Y. Feb. 10, 2025) (granting request to seal when moving party met "the burden of showing" "limited redactions to specific information within the documents," were appropriate when requests were "narrowly tailored").

## DISCUSSION

In its Letter Motion, Defendant seeks to seal all or portions of Exhibits 13 to 15, 17, 19, 21, 24, 26, 29 and 34 to the Declaration of Keith Markel, dated June 15, 2026. (Markel Decl., ECF

No. 48.) Plaintiff did not oppose Defendant's Letter Motion. "[I]t is well-settled that documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Brown*, 929 F.3d at 47 (cleaned up). However, for the reasons set forth below, the Court finds that the sealing requests are narrowly tailored and necessary to preserve higher values.

Exhibits 13, 14 and 15 are Plaintiff's performance reviews for the period 2020 to 2022.[1] Defendant has redacted from the public version of these documents information regarding IDBNY customers, as well as confidential business information. Exhibit 24 is a PowerPoint presentation created for an IBDNY Board of Directors meeting.[2] Defendant has redacted from the public version of this document confidential business information unrelated to this action. The Court finds that Defendant's countervailing business interests are adequate to meet Defendant's burden to keep the redacted portions of these exhibits, which are narrowly tailored, under seal. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing redacted filings where "proposed redactions are generally limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (internal quotation marks and citations omitted).

---

[1] Redacted versions of these exhibits are filed at ECF Nos. 48-13 to 48-15. Unredacted versions are filed under seal at ECF Nos. 49-1 to 49-3.

[2] A redacted version of this exhibit is filed at ECF No. 48-24. An unredacted version is filed under seal at ECF No. 49-7.

Exhibits 19, 21, 26, 29 and 34 contain information regarding non-party IDBNY employees.[3] Defendant has filed under seal sensitive personal and employment-related information regarding these non-parties. As the Second Circuit has instructed, "[t]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation" and "are a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995).

Finally, Exhibit 17 is an investigative report regarding a fraud incident at IDBNY.[4] As argued by Defendant, this document shall remain under seal so as not to impede law enforcement. *See Lugosch*, 435 F.3d at 119 ("danger of impairing law enforcement" is countervailing factor against public disclosure of documents).

**CONCLUSION**

For the foregoing reasons, Defendant's Letter Motion (ECF No. 47) is GRANTED.

**SO ORDERED.**

Dated: New York, New York
October 30, 2026

Stewart d. Aaron
STEWART D. AARON
United States Magistrate Judge

[3] The entire content of each of Exhibits 19, 21 and 34 is filed under seal at ECF No. 49-5, 49-6 and 49-10 respectively. Redacted versions of Exhibits 26 and 29 are filed at ECF Nos. 48-26 and 48-29. Unredacted versions of these documents are filed under seal at ECF Nos. 49-8 and 49-9.

[4] The entire content of this exhibit is filed under seal at ECF No. 49-4.